|  |  |
|---|---|
| Tommaso Zompa<br>vs.<br>Luigi Cipolla et al. | Eq. No. 11541. |

October 7, 1932.

WALSH, J. This cause comes before us on the allowance of the report of the Receiver of L. Cipolla & Sons, Inc., on "Blue Book" claims and the Brokerage business set forth in said report.

On June 15th, 1932, the Receiver was ordered to proceed with a thorough investigation and an analysis of accounts shown upon the "Blue Books" referred to in the report of the temporary Receiver and to study further the Brokerage business and transactions carried on by respondent corporation. The Receiver now reports that he has concluded this investigation as required and we are asked to approve his report thereon.

Prior to June 15th, 1932, F. Cipolla & Sons, Inc., carried on a loan, investment, brokerage and fire insurance business and dealt in real estate. The corporation had two places of business in Providence, viz.: one on Pocasset Avenue, known as the uptown office, one in the Union Trust Building, known as the downtown office. At the time of receivership, there was outstanding preferred stock of the corporation of the value of $280,200.00; also, Blue Book deposits in the amount of approximately $115,000.00.

An explanation of the "Blue Book" accounts is necessary at this point. It appears that Luigi Cipolla had been receiving deposits from various persons at the Pocasset Avenue office for a number of years; that these deposits were recorded on separate cards; that each depositor was given at the time of the first deposit a "Blue Book" in which deposits and withdrawals were entered; that in each Blue Book appeared the following: "The amounts herein represented * * * will be returned to (name of depositor) only upon demand and presentation of this statement;" that these Blue Books were signed "Luigi Cipolla;" that interest at the rate of four per cent. per annum was paid on these deposits.

The preferred stockholders of the corporation were allowed to surrender their stock at any time and receive therefor full par value from the corporation. The evidence shows that, as a result of this arrangement, there are many persons holding both preferred stock and "Blue Books."

The first point in dispute is whether the brokerage business was a corporation business or the business of Luigi Cipolla. Creditors contend that the brokerage business was foisted upon the corporation by Luigi Cipolla to rid himself of a bad liability. The corporation was formed for the purpose of buying, selling and dealing generally in real estate and other property, and to buy, sell and deal in all kinds of stocks, bonds and securities on commission and to deal in foreign exchange. The corporation, therefore, had authority to carry on a brokerage business. The records of the corporation show that on May 14, 1928, the Treasurer was authorized to borrow money in the name of the corporation to conduct the business in securities and foreign exchange. Thereafter, liabilities of Luigi Cipolla, individually, were assumed by the corporation but at the same time securities were taken over by the corporation which were considerably in excess of the liability. This is all carried on the books of the corporation and the fact that the brokerage business later resulted in loss cannot alter the status of the account. It was the business of the corporation and not that of Luigi Cipolla, individually.

The second point in dispute is whether these "Blue Book" holders are creditors of the corporation. The contention is made by the "Blue Book" holders that the corporation allowed Luigi Cipolla to dominate and control the business of the corporation; that it allowed these deposits to be made at its usual place of business; that the same employees took care of these accounts as well as the corporation business: that there was nothing at the Pocasset Avenue office to notify persons that the corporation was not engaged in this enterprise; that the corporation took the depositors' money and mixed these funds with its own and used the common fund for its own purposes as well as for the investments of depositors; that these funds are, consequently, trust funds and that the depositors should have them as against the claims of the preferred stockholders.

On the other hand, it is argued that the books and records of the corporation do not carry these accounts as liabilities of the corporation; that the great weight of the testimony shows that the "Blue Book" holders are creditors of Luigi Cipolla, personally; that he was trustee for them and is liable to them as trustee. The attempt to trace the specific funds into the assets of the corporation has failed.

The testimony of the accountant and of Mr. Cipolla, corroborated by the books and records of the corporation, leads us to the belief that many preferred stockholders were not fully aware of the differences in the rights of creditors and stockholders in the event of a liquidation; that, owing to the fact that preferred stockholders were allowed to sell back their stock to the corporation at the prices for which they bought it as long as the corporation was able to re-purchase the stock, there is, in effect, no difference in the position of preferred stockholders and "Blue Book" holders so far as having their money available at call was concerned.

The great weight of the evidence is to the effect that the "Blue Book" holders are not creditors of the corporation but are entitled to the sum of $32,965.06 due on the account between Luigi Cipolla and the corporation. We hold that this amount, $32,965.06, is a trust fund for which Luigi Cipolla should account to the "Blue Book" holders.

The report shows that there are assets available, after the payment of creditors of the corporation, of $62,450.22 subject to fluctuation of values and expenses of administration. With

this sum available for the payment of preferred stockholders, it appears to us that the "Blue Book" holders and preferred stockholders will be reimbursed to about the same extent and that substantial justice will be arrived at.

A decree may be entered allowing the Report of the Receiver as amended by this rescript.

For receiver: McGovern & Slattery.

For Blue Book holders: Ralph Rotondo, Benjamin Winicour, William M. P. Bowen.

For certain preferred stockholders: Joseph Veneziale, William C. H. Brand.

For Zompa: Arthur N. Votolato, William W. Blodgett.

For Cipolla & Corporation: Louis Jackvony, Louis W. Dunn.